# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO HAI NGUYEN,<br><br>    Petitioner,<br><br>    v.<br><br>LORETTA E. LYNCH,<br><br>    Respondent. | Case No. 1:16-cv-01274-EPG-HC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 3) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has requested the appointment of counsel. (ECF No. 3).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because he is a layperson without any education in immigration laws and the issues in this case are complex. Upon review of the

Petition, the Court finds that Petitioner has a sufficient grasp of his claims for habeas relief and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time. Moreover, Petitioner has not demonstrated that he is a financially eligible person under 18 U.S.C. § 3006A.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **September 7, 2016**            /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE

2