# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HO HAI NGUYEN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LORETTA E. LYNCH,<br><br>　　　　Respondent. | Case No. 1:16-cv-01274-EPG-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING AS MOOT PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF Nos. 1, 12) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of the United States magistrate judge. (ECF Nos. 5, 7).

Petitioner is a citizen of Vietnam who was detained by U.S. Immigration and Customs Enforcement ("ICE") on October 10, 2015. Petitioner was ordered removed by an Immigration Judge on January 6, 2016. Petitioner waived appeal to the Board of Immigration Appeals, and the removal order became final that day. At the ninety-day custody review on April 3, 2016, it was determined that Petitioner should continue to be detained. (ECF No. 1 at 3).[1]

On August 29, 2016, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). In the petition, Petitioner claims that he is being detained by ICE past the six-month presumptively reasonable period for removal and that his removal is not significantly likely to

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

occur in the reasonably foreseeable future. On October 26, 2016, Respondent filed a motion to dismiss for mootness. (ECF No. 12). Petitioner has not filed any opposition.

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). In the petition, Petitioner requests immediate release from ICE custody. (ECF No. 1 at 7). On October 7, 2016, Petitioner was released on an order of supervision. (ECF No. 12-1). Given that Petitioner has received the remedy to which he would have been entitled had this Court rendered a favorable judicial decision on his petition, the Court finds that no case or controversy exists. See Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing with approval cases that found "a petitioner's release from detention under an order of supervision 'moot[ed] his challenge to the legality of his extended detention'") (alteration in original) (quoting Riley v. INS, 310 F.3d 1253, 1256–57 (10th Cir. 2002)).

Accordingly, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss (ECF No. 12) is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED as MOOT; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:   **December 6, 2016**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE